# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00526-NYW

NICHOLE TUTTLE,

      Plaintiff,

v.

NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA,

      Defendant.

---

## MEMORANDUM OPINION AND ORDER

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant Nationwide Affinity Insurance Company of America's ("Defendant" or "Nationwide") Rule 12(c) Motion for Judgment on the Pleadings on Plaintiff's Second Claim for Relief ("the Rule 12(c) Motion") [#13, filed March 12, 2019]. Plaintiff Nichole Tuttle ("Plaintiff" or "Ms. Tuttle") filed a Response on April 3, 2019 and Nationwide filed a Reply on April 4, 2019. [#16; #18]. Oral argument was scheduled for Monday, May 20, 2019 at 9:00 a.m. in Courtroom A 502 before Magistrate Judge Nina Y. Wang, but was vacated following Plaintiff's counsel illness at the scheduled time. [#26]. The undersigned presides with the parties' unanimous consent [#14], the Order of Reference dated March 26, 2019 [#15], and pursuant to section 28 U.S.C. § 636(c)(1). Upon review of the Motion, briefing, and applicable legal standard, Defendant's Rule 12(c) Motion is **DENIED without prejudice**.

# BACKGROUND

The following facts are drawn from the operative Complaint in this matter and are taken as true for the purposes of this Motion. [#3]. This case arises from a car accident between Ms. Tuttle and a third party, Matthew Montano ("Mr. Montano"), on July 18, 2016. [*Id.* at ¶ 4]. At the time of the accident, Ms. Tuttle was insured by Defendant Nationwide under policy number PPBM0050062649 ("the Insurance Policy") with a UM/UIM limit of $500,000.00. [*Id.* at ¶ 6]. On January 19, 2017, Nationwide gave Ms. Tuttle authority to settle her claim against Mr. Montano for the limits of his policy or $25,000. [*Id.* at ¶ 7].

Ms. Tuttle claims that she has not been fully compensated for her injuries, damages and losses sustained from the collision with Mr. Montano. Specifically, she claims $100,000 in past non-economic damages; $200,000 in future non-economic damages, $47,586.83 in past economic damages, $100,000 in permanent impairment damages, and a second, indeterminate amount of future non-economic damages. [#3 at ¶¶ 5, 17]. She alleges that she has provided all relevant information necessary for Nationwide to investigate, evaluate, and negotiate a resolution of Plaintiff's claim for UIM benefits, and Nationwide has unreasonably delayed and denied payment of such benefits. [*Id.* at ¶ 18]. In her first Claim for Relief, Ms. Tuttle contends that Nationwide has breached its insurance contract with her. [*Id* at ¶ 14]. In her second Claim for Relief, she asserts that Nationwide has unreasonably delayed payment of Plaintiff's claims for benefits in violation of Colo. Rev. Stat. §§ 10-3-1115 and -1116, because "Nationwide's delay in paying Plaintiff the value of her UIM claim is unreasonable given the claim is two years old and in light of the injuries and losses Plaintiff has suffered." [*Id.* at ¶ 19].

Defendant Nationwide Affinity Insurance Company of America ("Defendant" or "Nationwide") filed an Answer, and then an Amended Answer, to the Complaint on February 28, 2019. [#10; #11]. Then, on March 12, 2019, Nationwide filed this instant Motion, seeking judgment on the pleadings on the Second Claim for Relief. [#13].

## LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) may be filed only "[a]fter the pleadings are closed."[1] Fed. R. Civ. P. 12(c). A Rule 12(c) Motion is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009). But the court considers a broader factual record when evaluating a Rule 12(c) motion; the court is not limited to the well-pled allegations contained in the Complaint but instead considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011); *see also Hall v. D.C.*, 867 F.3d 138, 152 (D.C. Cir. 2017) ("A Rule 12(c) motion considers the defendants' answers together with the complaint . . . ."); *Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) ("In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits."). The Court accepts all of Plaintiff's well-pleaded allegations as true, views those allegations in the light most favorable to the non-moving party, and additionally affords the non-movant all reasonable inferences from

---

[1] "Pleadings are closed within the meaning of Rule 12(c) if no counter or cross claims are at issue when a complaint and an answer have been filed." *Maniaci v. Georgetown Univ.*, 510 F. Supp. 2d 50, 60 (D.D.C. 2007); Fed. R. Civ. P. 7(a).

those allegations. *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012).

A court should not grant a Rule 12(c) motion unless "the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Ciber, Inc. v. ACE Am. Ins. Co.*, 261 F. Supp. 3d 1119, 1125 (D. Colo. 2017) (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)). A motion for a judgment on the pleadings "only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright et al., Federal Practice & Procedure § 1367 (3d ed., Apr. 2019 update).

## ANALYSIS

### I. Evidence Considered

Before turning to the merits of the Motion, the court begins by considering Plaintiff's objection to the court's consideration of the attachments to Nationwide's Answer, i.e., the correspondence between the parties. Plaintiff argues that "it is reversible error to consider matters outside the pleadings and failing to convert the motion to dismiss into a motion for summary judgment." [#16 at 3]. Defendant argues that a court has broad discretion to consider such matters without conversion to a Rule 56 motion as attachments to the Answer may be considered under Rule 10(c) which provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." [#18 at 1–2].

The resolution of this preliminary issue is not unambiguous. Wright & Miller, § 1371. Certain Circuit Courts of Appeal have expressly concluded that the attachments incorporated to

the Answer are within the record for Rule 12(c) motions per the language of Rule 10(c). *See, e.g.*, *L-7 Designs*, 647 F.3d at 422; *Horsley v. Feldt*, 304 F.3d 1125, 1134–35 (11th Cir. 2002); *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). But other courts have not found an answer's attachments incorporated into the answer and properly before the court for a Rule 12(c) motion. *See, e.g.*, *Clark v. Chase Home Fin., LLC*, No. 08-cv-0500 JM(RBB), 2008 WL 2326307, at *4 (S.D. Cal. June 3, 2008) ("Defendants fail to cite a single authority where a court has considered documents attached to the answer in ruling on either a Rule 12(b) or Rule 12(c) motion."); *Toliver v. City of New York*, No. 10 CIV. 3165 PAC JCF, 2012 WL 7782720, at *4 (S.D.N.Y. Dec. 10, 2012), *report and recommendation adopted,* No. 10 CIV. 3165 PAC JCF, 2013 WL 1155293 (S.D.N.Y. Mar. 21, 2013). For its part, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") appears to have not squarely analyzed the question of whether exhibits to an answer can be considered in adjudicating a Rule 12(c) Motion, but has relied upon the general proposition that "documents attached to the pleadings are exhibits and are to be considered in [] [the context of a] Rule 12(c) motion." *Park Univ. Enterprises, Inc. v. Am. Cas. Co. Of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013).

Within the District, some courts have articulated what constitutes the record to be limited exhibits attached to the complaint or documents that are central to the allegations of the complaint. *See, e.g.*, *XY, LLC v. Trans Ova Genetics, LC*, 333 F. Supp. 3d 1097, 1101 (D. Colo. 2018) ("In ruling on a motion for judgment on the pleadings, the Court may consider the complaint, any material that is attached to the complaint, and the answer."). But other courts in this District have stated the standard more broadly, presumably capturing exhibits to an answer. *See, e.g.*, *United*

*States v. Zazi*, 356 F. Supp. 3d 1105, 1114 (D. Colo. 2018) ("Documents attached to the pleadings,

however, are subject to full consideration in a court's review of a Rule 12(c) motion." (citing *Park*

*Univ. Enterprises, Inc. v. Am. Gas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006));

*see also United States v. Wahdan*, 325 F. Supp. 3d 1136, 1138 (D. Colo. 2018) ("The factual record

in conjunction with a motion for judgment on the pleadings under Federal Rule of Civil Procedure

12(c) is the same as that under Rule 12(b)."). Some of our sister courts within the Tenth Circuit

have squarely addressed the issue, finding that exhibits to an answer are properly considered in

conjunction with the adjudication of a motion for judgment on the pleadings. *See Richard v.*

*Perkins*, 373 F. Supp. 2d 1211, 1215 (D. Kan. 2005); *Burkett v. Convergys Corp.*, No. 2:14-CV-

376-EJF, 2015 WL 4487706, at *9 (D. Utah July 23, 2015) ("Because of the procedural posture

of this motion, the Court will not consider extrinsic evidence. In deciding a motion for judgment

on the pleadings, the Court considers only the Complaint, the Answer, and documents attached as

exhibits to either."); *Rosen v. U.S. Bank Nat'l Ass'n*, No. CIV-06-0427 JH/LAM, 2006 WL

8443325, at *2 (D.N.M. Nov. 8, 2006) (considering exhibits attached to the complaint and answer

in adjudicating a motion for judgment on the pleadings).

In light of this case law from the Tenth Circuit, this court finds that Defendant's

attachments to its Amended Answer are properly considered part of the factual record in ruling on

this Rule 12(c) motion under Rule 10(c). Accordingly, this court also considers the following facts

offered by Defendant and established by the correspondence attached to the Amended Answer:

On December 14, 2018, counsel for Plaintiff sent a letter to Nationwide outlining Ms.

Tuttle's injuries and seeking pre-litigation resolution and payment of the Insurance Policy limits.

[#11-1]. The December 14 Letter sought a response on or before January 30, 2019, and stated that

"[t]his offer to settle will only be valid up to that date." [*Id.* at 12]. This case was filed, initially in Denver County District Court, on January 10, 2019, twenty days before the deadline reflected in the December 14 correspondence. [#3 at 1; #11-3 at 4]. On January 15, 2019, Nationwide sent Plaintiff's counsel a letter and stated that Nationwide was reviewing the offer and would have a response before the January 30 deadline. [#11-3]. Five days before Plaintiff's deadline on January 25, 2019, Nationwide sent a settlement offer for $75,000 in addition to a check for $15,048.81. [#11-2].

## II.    Application

Defendant seeks judgment on Plaintiff's Second Claim for Relief for statutory bad faith delay of payment on the Insurance Policy under Colo. Rev. Stat. §§ 10-3-1115, -1116. [#3 at ¶¶ 15–21; #13]. Defendant argues that it could not conceivably have engaged in bad faith delay of payment on the Insurance Policy as Plaintiff's December 2018 letter was the first claim it received and this case was filed before the Plaintiff-imposed deadline lapsed and while it was still in the process of investigating the claim and had even made a partial payment. [#13 at 5–6]. Plaintiff counters that Defendant's timeframe is faulty, and that the December 2018 letter was not the first notice of claim Nationwide received following the accident. [#16 at 3].

In reviewing the record before it, and drawing all factual inferences in favor of Plaintiff, the court finds that the timeline is not conclusively established at this stage, and therefore Defendant's 12(c) Motion must be denied as there remain material issues of fact regarding the timing of Plaintiff's claim. Like the court in *Richard v. Perkins*, this court finds that the "mere attachment of such documents . . . does not render the documents dispositive." 373 F. Supp. 2d at 1215. Even considering the attachments to the Amended Answer, there is no indication that the

December 2018 is the **first** demand for UIM benefits from the Plaintiff. *See* [#11-1]. Plaintiff does not concede that fact, and there is no affirmative indication that is the case. Instead, Ms. Tuttle "denies that notice of her claim for UIM benefits was not provided until December 2018." [#16 at 3]. And in the Complaint, Ms. Tuttle alleges that her claim is "two years old." [#3 at ¶ 19].

Rule 12(c) does not require Ms. Tuttle to come forward with evidence to substantiate her allegations, and while the court could convert this motion to one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, *Richards*, 373 F. Supp. 2d at 1215 (citing *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986)), it declines to do so for a few reasons. First, neither party requests that the court convert this motion to one for summary judgment. [#13; #16; #18]. Second, the court has not provided the separate notice of any intent to convert the instant motion to one for summary judgment, though arguably, Defendant's references to the exhibits to its Amended Answer and Plaintiff's arguments in response provided adequate notice of the potential for conversion. *US West, Inc. v. Bus. Disc. Plan, Inc.*, 196 F.R.D. 576, 581 (D. Colo. 2000). Third, the instant Motion is not fully dispositive of the action, and successive motions for summary judgment are generally not favored by this court.

The court is bound to afford Plaintiff all reasonable inferences at this stage and enter judgment under Rule 12(c) only if the Defendant is clearly entitled to judgment on the undisputed facts. In doing so, the court must accept the Complaint's allegation that Nationwide had notice of the UIM claim, and presumably, the amount and basis for such claim, "two years" prior to the filing of the Complaint. Though Defendant may ultimately prevail on its argument that the timing

of Plaintiff's claim and Defendant's actions in adjusting the claim entitles it to judgment as a matter of law short of trial, the current record does not permit this court to draw such a conclusion now.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1) Defendant Nationwide Affinity Insurance Company of America's Rule 12(c) Motion for Judgment on the Pleadings on Plaintiff's Second Claim for Relief [#13] is **DENIED**.

DATED: May 22, 2019                              BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge